## **AFFIDAVIT**

I, Louis Rivera, being duly sworn, depose and state the following:

## **INTRODUCTION**

1.       I am a Special Agent of the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and have been so employed since March 2019. I am currently assigned to the Caribbean Corridor Strike Force (CCSF). I have completed the Criminal Investigator Training Program (CITP) and Homeland Security Investigation Special Agent training course at the Federal Law Enforcement Training Center (FLETC). As a Special Agent, my duties and responsibilities include but are not limited to conducting investigations of: Title 21, *United States Code* Section 952(a), 960(a)(1) & (b)(1)(B), and 963, that is, Conspiracy to Import a Controlled Substance; as well as Title 46, *United States Code*,  Sections 70502, 70503, 70506, that is, Conspiracy to Possess with Intent to Distribute Five (5) Kilograms or More of Cocaine Aboard a Vessel Subject to the Jurisdiction of the United States. Prior to working for HSI, I was employed by the United States Customs and Border Protection (CBP) as an Officer for approximately 3 ½ years. I have also completed a bachelor's degree in Criminal Justice from the University of Puerto Rico.

2.       During my law enforcement career, I have become familiar with the smuggling of aliens and narcotics and their proceeds, and the operations of transnational criminal organizations. As part of my official duties, I have arrested, and interviewed persons engaged in narcotics smuggling and money laundering activities and participated in seizures of properties and currency constituting proceeds of illegal contraband smuggling. Through my training and experience, I have become familiar with the modus operandi of contraband smugglers, including narcotics smuggling techniques, the types and amounts of profits made from drug sales, and methods, language, and

1

terms used to disguise the source and nature of the profits from illegal activities and violence used in furtherance of these crimes.

3.      The information contained in this affidavit is for the limited purpose of establishing probable cause for the violations listed on the attached criminal complaint and therefore does not include all of the facts of this investigation. The information contained in this affidavit is based upon my personal knowledge and information furnished to me by other Federal and State Law Enforcement Officers.

4.      For the reasons set forth below, I respectfully submit that there is probable cause to believe that the individuals mentioned below have violated Title 46, *United States Code*, Sections 70502, 70503, 70506, that is, Conspiracy to Possess with Intent to Distribute Five (5) Kilograms or More of Cocaine Aboard a Vessel Subject to the Jurisdiction of the United States.

## FACTS AND CIRCUMSTANCES

5.      On or about June 9, 2020, while on routine patrol, a CBP Caribbean Air and Marine Branch (CAMB) aircraft, located a suspected target of interest in the vicinity of Isla Saona, Dominican Republic. The CAMB aircraft was forced to depart to due low fuel, but a U.S. Coast Guard Air Station Miami HC-144 aircraft, which was then operating out of U.S. Coast Guard Air Station Boriquen, was able to relocate the go-fast vessel (GFV) with no indicia of nationality approximately fifty-eight (58) nautical miles southwest of Isla Saona, Dominican Republic. The GFV was described as an approximately 25ft open construction boat, with a white and blue hull and, visible packages on the bow. When initially detected by the aircraft, the GFV was observed with two (2) persons on board; however, three (03) persons were ultimately found aboard the vessel.

6.      USCG Cutter WINSLOW GRIESSER approached the GFV and recovered three (3) packages from the water in close proximity to the GFV. The master of GFV claimed Colombian

nationality for the vessel and the crew. USCG District Seven (7) enacted the ship boarding provision of the U.S./Colombia bilateral maritime counter-narcotics agreement and submitted the required form to the Colombian Government. The Government of Colombia could neither confirm nor deny the GFV's registry, so District 7 granted a Statement of No Objection (SNO) to treat the vessel as one without nationality and enforce U.S. laws in accordance with the jurisdictional provisions of 46 *United States Code* § 70502(d)(1)(C).

7.      USCG Cuttter WINSLOW GRIESSER sent a team to board the GFV. District 7 authorized "ionscan" swipes on the people, which yielded negative results for any controlled substances. The "ionscan" swipes on the vessel also yielded negative results. The boarding team completed a Narcotics Identification Kit test of one (1) of the recovered packages, which tested positive for cocaine. The approximate at-sea weight of the three (3) packages was 150 kilograms. No contraband was located on the vessel.

8.      Thereafter, the three (3) individuals on board the GFV, the suspected contraband, and electronic devices found aboard the vessel were transferred to the USCG Cutter WINSLOW GRIESSER.

9.      The three (3) individuals on board the GFV were later identified as Colombian nationals **[1] Willmer Dimitri ESCALONA-Reid, [2] Darwin Nemecio BRITTON-Humphries, and [3] Richard BERNARD**.

10.      The USCG boarding team deemed the GFV unseaworthy and unsafe to rig for tow and destroyed it as a hazard to navigation.

11.      On June 13, 2020 the three (3) crew members of the go-fast vessel arrived at the Coast Guard Sector San Juan, Puerto Rico, the first point of entry where the defendants entered the United States after the commission of the offenses.

Based upon my training, experience, and participation in this investigation, I submit that there is probable cause to that **[1] Willmer Dimitri ESCALONA-Reid, [2] Darwin Nemecio BRITTON-Humphries, and [3] Richard BERNARD** committed a violation of a Title 46, *United States Code*, Sections 70502, 70503, 70506, that is, Conspiracy to Possess with Intent to Distribute Five (5) Kilograms or More of Cocaine Aboard a Vessel Subject to the Jurisdiction of the United States.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

*Louis Rivera*
_____
Louis Rivera
Special Agent
Homeland Security Investigations
San Juan, Puerto Rico

Subscribed and sworn to me by phone in accordance with Fed. R. Crim. P. 4.1. at  2:30PM   on this 13th day of June 2020.

_____
**MARSHAL D. MORGAN**
**UNITED STATES MAGISTRATE JUDGE**
**DISTRICT OF PUERTO RICO**